IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | : | |
| **Health & Welfare Fund, by and through its** | : | |
| **Board of Trustees, John T. Coli, Jr.,** | : | |
| **Stephanie Brinson, Michael DeGard,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Teamsters Local Union No. 727 Legal** | : | Case No. 1:19-cv-123 |
| **& Educational Assistance Fund,** | : | |
| **by and through its Board of Trustees,** | : | Hon. Judge John J. Tharp Jr. |
| **John T. Coli, Jr., Stephanie Brinson,** | : | |
| **Michael DeGard, Nicholas Micaletti,** | : | |
| **John McCarthy, Gregory T. Youmans,** | : | |
| **Carl S. Tominberg, and Robert Sheehy,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Illinois Department of Transportation,** | : | |
| | : | |
| **Defendant.** | : | |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs, Teamsters Local Union No. 727 Health & Welfare Fund and Teamsters Local Union No. 727 Legal & Educational Assistance Fund (hereinafter collectively "the Funds"), by and through the Funds' respective Boards of Trustees, bring this action against Defendant Illinois Department of Transportation, under federal common law as a multiemployer benefit fund entitled to attorney fees and to award interest and liquidated damages for employer's late-paid contributions. Plaintiffs seek an order (1) directing the Defendant to pay interest and liquidated

damages on late-paid contributions under federal common law, plus attorneys' fees; (2) contributions that may become due and owing during the pendency of this action plus interest, liquidated damages, attorneys' fees and costs; and (3) any other amounts permitted by law.

## JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to federal common law, 28 U.S.C. §1331 and 28 U.S. Code §1367.

2. Plaintiffs and the Defendant in this action are located in Cook County therefore jurisdiction in the U.S. District Court for the Northern District of Illinois, Eastern Division is appropriate.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of a jointly-administered, multiemployer employee benefit fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), the Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/1 et seq., §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

5. The Welfare Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and IPLRA, 5 ILCS 315/1 et seq., and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA,

29 U.S.C. §1104. The Welfare Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

6. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit A, Welfare Fund Trust Agreement.* The Welfare Fund's Trustees are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Welfare Fund's Trustees' business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

7. Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly-administered, multiemployer employee benefit fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), IPLRA, 5 ILCS 315/1 et seq., and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

8. The L&E Fund is administered by a Board of Trustees ("L&E Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The L&E Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

9. Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust

Agreement"), *Exhibit B, L&E Fund Trust Agreement*. The L&E Fund's Trustees are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The L&E Fund's Trustees business address is 1300 W. Higgins Road, Suite 103, Park Ridge, Illinois 60068.

10. Defendant Illinois Department of Transportation ("IDOT" or "Defendant") is an employer within the meaning of 5 ILCS 315/3(o) of IPLRA and section 3(5) of ERISA, 29 U.S.C. § 1002(5). Defendant IDOT is a department of the State of Illinois that was created in 1972 to administer the State of Illinois transportation systems and activities.

## DEFENDANT'S CONTRACTUAL OBLIGATION

11. On August 27, 2013, Defendant executed a collective bargaining agreement between the Teamster Local Union No. 700 ("Local 700") for the period of July 1, 2012 to June 30, 2015 ("2012-2015 CBA"), including terms governing contributions to the Plaintiff Funds. *Exhibit C, 2012-2015 CBA*.

12. On July 10, 2015, Defendant executed a consecutive collective bargaining agreement between the Local 700 for the period of July 1, 2015 to June 30, 2019 ("2015-2019 CBA"), including terms governing contributions to the Plaintiff Funds. *Exhibit D, 2015-2019 CBA*.

13. Amendment HR-001 to the 2012-2015 CBA and Article 13 of the 2015-2019 CBA govern contributions to the Funds. Pursuant to Amendment HR-001 and paragraph 13.1 of the 2015-2019 CBA, the Defendant was required to make monthly contributions to the Funds per the terms set forth therein. *Exhibit C, p.78, Exhibit D, pp. 36-38*.

4

14. On August 26, 2015, the Plaintiff Funds and Defendant entered into a Participation Agreement pursuant to the 2015-2019 CBA, governing contributions to the Plaintiff Funds. *Exhibit E, Participation Agreement.*

15. It is the Funds' policy and practice to require employers to submit with their monthly contribution payments a remittance report form setting forth the identity of the employees for whom contributions are due and owing and the contribution amount owed for each employee.

16. The respective Trust Agreements of the Welfare Fund and the L&E Fund include a provision for the collection of delinquent contributions, which provision states as follows:

> The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …
>
> The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section.

*Exhibit A, p. 19-20; Exhibit B, p. 18-19.*

17. Consistent with the Funds' respective Trust Agreements, the Trustees of each Fund adopted the following policy and procedure for the late payment of monthly contributions imposing interest, liquidated damages, audit fees, and attorney's fees and costs on delinquent contributions:

> If the employer does not make its payment by the 20th of the [second month following the month in which it was due], liquidated damages in the amount of 10% of the contribution owed will be added to the delinquency (5% for each month delinquent). In addition, interest at the rate of 0.75% per month of the delinquent contribution will continue to accrue with a minimum charge of $25.00 per month per Fund…
>
> All payments by the employer on account of the delinquency shall also include all attorney's fees and costs associated with the collection of the delinquency, including the cost of the audit of the employer's payroll records and losses to the employees as a

result of the delinquency and a result of any action taken to collect the delinquency.

*Exhibit F, Statement of Collection Procedures, Teamsters Local Union No. 727 Benefit Funds.*

18. Additionally, the Funds' Collection Policy provides that should litigation be pursued to collect the contributions owed to the Funds, the employer shall be required to pay interest, liquidated damages, audit fees, attorneys' fees and costs. *Id.*

19. Plaintiff Funds are further entitled to interest and liquidated damages on late-paid contributions as required by the CBAs, the respective Trust Agreements and the Funds' Collection Policy, in accordance with the federal common law of contract. *See Chicago Dist. Council of Carpenters Pension Fund v. Industrial Erectors, Inc., 840 F.Supp. 1248, 1256-58 (N.D.Ill.1993)* (providing that damages arising out of employer's failure to make contributions to employee benefit plan does not preempt contractual remedies providing liquidated damages for delinquent contributions)

**COUNT I**
**Interest and Liquidated Damages for Late-Paid Contributions Under**
**Federal Common Law – Plaintiff Welfare Fund**

20. Plaintiffs incorporate by reference paragraphs 1 through 18 above as though fully set forth herein.

21. Pursuant to the CBAs and Participation Agreement, Defendant agreed to be bound to the Funds' Trust Agreement:

> 4. By Execution of this Agreement, Employer authorizes the Trustees to enter into appropriate agreements necessary for the administration of such funds, and hereby waiving all notice thereof and ratifying all actions already taken by such trustees within the scope of their authority. If the employer does not make its payment by the 20th of the [second month following the month in which it was due], liquidated damages in the amount of 10% of the contribution owed will be added to the delinquency (5% for each month delinquent). In addition, interest at the rate of 0.75% per month of the delinquent

> contribution will continue to accrue with a minimum charge of $25.00 per month per Fund…

*Exhibit C, p. 78, ¶ 4.*

> 1. The Employer hereby ratifies and agrees to be bound by all actions taken and to be taken by the Boards of Trustees of the Funds (collectively referred to as "Trustees") pursuant to the powers granted them by the Restated Agreement and Declaration of Trust of the Teamster Local Union No. 727 Health and Welfare Fund and the Restated Agreement and Declaration of Trust of the Teamsters Local Union No. 727 Legal and Educational Assistance Fund (collectively referred to as "Trust Agreements"), including, but not limited to, the power to amend the Trust Agreements. The Employer also agrees to be bound by these the Trust Agreements. These Trust Agreements shall remain in effect during the terms of this collective bargaining agreement ("Collective Bargaining Agreement") between the Employer and the Union, and through the ratification of any successor collective bargaining agreements, provided, however, that nothing herein shall limit the right of the Trustees to terminate the Employer as an Employer under the Funds on account of failure to make contributions or as otherwise provided herein or in the Trust Agreements. The Employer also recognizes that each Board of Trustees has the sole power to construe the provisions of the respective Trust Agreements, the respective employee benefit plans, and each Funds' rules and regulations, if any.

*Exhibit E, p. 1, ¶ 1.*

22. Pursuant to the CBAs and Welfare Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the Welfare Fund for late-paid contributions.

23. As of February 1, 2019, Defendant owes interest in the amount of $38, 279.79 and liquidated damages in the amount of $26, 695.75 to the Welfare Fund for late-paid contributions relating to work performed from April 2014 through today's date.

24. Plaintiff Welfare Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

25. The Welfare Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBA and the Welfare Fund Trust Agreement.

26. Defendant's failure and refusal to pay interest and liquidated damages that Defendant incurred, constitutes a violation of the CBA and the Welfare Fund Trust Agreement.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions;

(b) That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendant for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs , pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT II
### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff L&E Fund

27. Plaintiffs incorporate by reference paragraphs 1 through 26 above as though fully set forth herein.

28. Pursuant to the CBAs and L&E Fund Trust Agreement, Defendant is obligated to pay interest and liquidated damages to the L&E Fund for late-paid contributions.

29. As of the date of the filing of the instant Complaint, Defendant owes interest in the amount of $49,050.46 and liquidated damages in the amount of $4,568.33 to the L&E Fund for late-paid contributions relating to work performed from April 2014 to today's date.

30. Plaintiff L&E Fund has demanded payment of the interest and liquidated damages owed but Defendant has failed and/or refused to pay.

31. The L&E Fund has been economically harmed by Defendant's failure to pay interest and liquidated damages as required by the CBAs and the L&E Fund Trust Agreement.

32. Defendant's failure and refusal to pay interest and liquidated damages that incurred, constitutes a violation of the CBAs and the L&E Fund Trust Agreement.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendant and that Defendant be ordered to pay all interest and liquidated damages for late-paid contributions;

(b) That the Court enter judgment in favor of the Plaintiff L&E Fund and against and against Defendant for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145; and

(c) That the Court order such other relief that the Court deems just and appropriate.

Respectfully submitted,

ILLINOIS ADVOCATES, LLC

  s/ Cara M Anthaney
CARA M. ANTHANEY, ESQUIRE
77 W. Washington Street, Suite 2120

        Chicago, IL  60602
        Office        (312) 346-2052
        Facsimile    (312) 492-4804
        Email   cara.anthaney@iladvocates.com

WILLIG, WILLIAMS & DAVIDSON

_ s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office        (215) 656-3665
Facsimile    (215) 561-5135
Email        lmartin@wwdlaw.com

*Counsel to Plaintiffs Teamsters Local Union No. 727 Welfare Fund, Teamsters Local Union No. 727, L&E Fund and their Boards of Trustees*

Dated:  February 1, 2019