**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Teamsters Local Union No. 727** | **:** | |
| **Health & Welfare Fund, by and through its** | **:** | |
| **Board of Trustees, John T. Coli, Jr.,** | **:** | |
| **Stephanie Brinson, Michael DeGard,** | **:** | |
| **John McCarthy, Gregory T. Youmans,** | **:** | |
| **Carl S. Tominberg, and Robert Sheehy,** | **:** | |
| | **:** | |
| **and** | **:** | |
| | **:** | |
| **Teamsters Local Union No. 727 Legal** | **:** | **Case No. 1:19-cv-123** |
| **& Educational Assistance Fund,** | **:** | |
| **by and through its Board of Trustees,** | **:** | **Hon. Judge John J. Tharp Jr.** |
| **John T. Coli, Jr., Stephanie Brinson,** | **:** | |
| **Michael DeGard, Nicholas Micaletti,** | **:** | |
| **John McCarthy, Gregory T. Youmans,** | **:** | |
| **Carl S. Tominberg, and Robert Sheehy,** | **:** | |
| | **:** | |
| **Plaintiffs** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **Illinois Department of Transportation,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**PLAINTIFFS' MEMORANDUM OF LAW RESPONDING IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Teamsters Local Union No. 727 Health & Welfare Fund and Teamsters Local

Union No. 727 Legal and Educational Assistance Fund and ("Plaintiffs" or "Local 727 Funds"),

by their undersigned counsel, hereby set forth their opposition to Defendant Illinois Department

of Transportation's ("Defendant" or "IDOT") Motion to Dismiss Plaintiffs' First Amended

Complaint pursuant Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1

## I.      INTRODUCTION

On February 1, 2019, Plaintiffs filed a First Amended Complaint (*Dkt. No. 7)* against IDOT seeking, under federal common breach of contract law, payment of the interest and liquidated damages owed by IDOT for its late paid contributions to the Funds. Defendant IDOT has moved the Court to dismiss Plaintiffs' complaint contending that 1) the Eleventh Amendment bars suits in federal court against State agencies absent the State's consent to federal court jurisdiction and, in this case, no such consent was given; 2) the State and its political subdivisions are not an "employer" as that term is defined under the Labor Management Relations Act ("LMRA"); and 3) the Funds are governmental plans not subject to ERISA regulation.

Each of IDOT's arguments fail for the following reasons: first, the Funds are private, multiemployer employee benefit plans that were established by the Teamsters Local Union No. 727 ("Local 727") decades before Teamsters Local Union No. 700 ("Local 700") executed collective bargaining agreements ("CBAs") with IDOT and the other State Departments listed in the CBAs[1] and IDOT executed the Participation Agreement with the Local 727 Funds to permit IDOT employees to enroll in the Funds. Accordingly, the Local 727 Funds were not established pursuant to the CBAs between IDOT and Local 700. Additionally, the contributions paid to the Local 727 Funds by IDOT do not demonstrate that IDOT maintains the Local 727 Funds and thereby morphed the Local 727 Funds into a governmental benefit plan. IDOT is just one of numerous private employers in other industries who participate in the Local 727 Funds. Because IDOT did not establish the Local 727 Funds and does not maintain the Local 727 Funds, the Local 727 Funds are not a governmental plan. Therefore, by voluntarily agreeing to permit its employees

---

[1] The Local 700 CBAs with IDOT also name the following State Departments as parties to the CBAs: Central Management Services, Human Services and Employment Security. For ease of reference, Plaintiffs refer to all of the State Departments party to the CBAs as "IDOT."

to enroll in the Local 727 Funds, IDOT waived its Eleventh Amendment immunity and subjected itself to this court's jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Second, the Amended Complaint does not include a claim or a count against IDOT under the Labor Management Relations Act ("LMRA"). Plaintiffs invoked the LMRA as one of the bases for their claims because the Local 727 Funds are prohibited from accepting contributions from an employer unless, as required by the LMRA, there is a written agreement expressly requiring the employer to pay contributions to the Funds. 29 U.S.C. § 186(c)(6). Accordingly, as a matter of law, the Local 727 Funds have the burden to demonstrate that they are entitled to the payments they seek because there is a written agreement requiring the employer to make such payments. It is because of the LMRA's written agreement requirement, and the Plaintiffs' burden to demonstrate such a written agreement exists requiring contributions, that the LMRA is properly invoked. For these reasons, the Court should deny Defendant's motion to dismiss.

## II. FACTUAL BACKGROUND

The Local 727 Funds are a jointly administered multiemployer benefit plans within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). (*Dkt. No. 7, ¶¶4, 7*). The Local 727 Funds are administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) , and exist for the exclusive purpose of providing health care benefits and legal and educational benefits respectively to its participants and defraying the reasonable expenses of administering the plans, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Local 727 Funds receive contributions from employers that are parties to a CBA with Local 727 and/or a CBA with Local 700. (*Dkt. No. 7, ¶¶5,8*). The employers signatory to CBAs with Local 727 and contributing to

3

the Local 727 Funds are from various non-governmental industries including the parking and funeral industries. *See e.g., Teamsters Local Union No. 727 Health & Welfare Fund, et al v. L&R Group of Companies,* 2014 U.S. Dist. LEXIS 16359 (N.D. Ill. Feb. 10, 2016) (parking industry); *Teamsters Local Union No. 727 Pension Fund, et al. v. Mid-City Parking, Inc.,* 2018 U.S. Dist. LEXIS 196296 (N.D. Ill. Nov. 19, 2018) (parking industry); *Teamsters Local Union No. 727 Health and Welfare Fund, et al. v. De La Torre Funeral and Cremation Services,* 2017 U.S. Dist. LEXIS 128893 (N.D. Ill. Aug. 14, 2017) (funeral industry); *Moriarty v. B. Michael Muzyka, Ltd.,* 379 F. 2d 935 (N.D. Ill. 2005) (funeral industry).

IDOT is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5). (*Dkt. No. 7, ¶*10*).* On August 27, 2013, IDOT executed a CBA with Local 700 for the period of July 1, 2012 to June 30, 2015 ("2012-2015 CBA"). (*Dkt. No. 7-3).* On or about February 6, 2014, IDOT and Local 700 executed an amendment to the 2012-2015 CBA by which IDOT agreed to pay contributions to the Local 727 Funds on behalf of IDOT employees represented by Local 700. (*Dkt. No. 7-3, at p. 78).* A successor CBA was executed by IDOT and Local 700 on July 10, 2015 for the period of July 1, 2015 to June 30, 2019 ("2015-2019 CBA"). (*Dkt. No. 7-4).* The 2015-2019 CBA incorporates the terms of the February 6, 2014 amendment to the prior CBA. (*Id., pp. 36-37).* Thereafter, on August 26, 2015, IDOT and the Local 727 Funds' Trustees executed a Participation Agreement whereby the Trustees agreed "to accept the participation of [IDOT] in the Funds as a contributing employer." (*Dkt. No. 7-5, Participation Agreement, p. 1).*The February 6, 2014 amendment to the 2012-2015 Local 700 CBA, the 2015-2019 Local 700 CBA and the Participation Agreement with the Local 727 Funds' Trustees set forth IDOT's consent to be bound by the Local 727 Health and Welfare Fund's and the Legal and Educational Assistance Fund's respective Trust Agreements.

Both Trust Agreements state as follows: "THIS RESTATED AGREEMENT AND DECLARATION OF TRUST (herein sometimes referred to as the `Restated Agreement') is made and entered into as of this 25th day of July, 2000, by and between the Trustees …." (*Dkt. No. 7-3, Restated Agreement and Declaration of Trust of the Teamsters Local Union No. 727 Health and Welfare Fund; Dkt. No. 7-4, Restated Agreement and Declaration of Trust of the Teamsters Local Union No. 727 Legal and Educational Assistance Fund.*)

## III.     LEGAL STANDARD

Defendant seeks to dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A motion to dismiss under R. 12(b)(1) challenges the Court's subject matter jurisdiction. The party asserting jurisdiction has the burden of proof. *United Phosophorus Ltd.,* 322 F.3d 942,946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Angus Chem Co.,* 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Id.; United Phosphorus,* 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital,* 572 F.3d at 443-44; *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536,543 (7th Cir. 2006).

## IV.     ARGUMENT

**A. The Funds Are Not Governmental Plans Therefore by Voluntarily Agreeing to Enroll Its Employees in the Funds IDOT Waived Eleventh Amendment Immunity and Subjected Itself to the Court's Jurisdiction under ERISA.**

IDOT argues that as a political subdivision of the State, under Eleventh Amendment doctrine, it is immune from suit in federal court by a private person or entity absent its consent to the federal forum. (*Dkt. No. 17, pp. 3-5).* Consent to be sued in federal court is one of the three exceptions to Eleventh Amendment immunity recognized by courts[2]. Only one of the exceptions is in contention here – whether IDOT consented to federal subject matter jurisdiction. IDOT contends that it did not give its consent to the Plaintiffs to sue it in federal court therefore the Court lacks subject matter jurisdiction over the Plaintiffs' claims should be dismissed. (*Id.)* Alternatively, IDOT argues that even if it is found to have waived its Eleventh Amendment immunity, the Plaintiffs' Complaint should be dismissed nonetheless because the Local 727 Funds' are a governmental plan exempt under Section 3 and 4 of ERISA. 29 U.S.C. §§ 1002(32) and 1003(b)(1). (*Dkt. No. 17, pp. 6-8).* Neither argument has merit.

**B. The Plaintiffs Are Not Governmental Funds.**

Section 4 of ERISA exempts governmental benefit plans from ERISA coverage. 29 U.S.C. § 1003(b)(1). Section 3 of ERISA defines a governmental plan as "a plan established or maintained for its employees by … the government of any State or political subdivision thereof, or by any agency or instrumentality of [either] of the foregoing. …. 29 U.S.C. § 1002(32). IDOT argues that the Local 727 Funds are governmental plans because 1) the CBAs with Local 700 include a provision that IDOT will continue to provide welfare and pension benefits under the State's established benefit programs to those Local 700 bargaining unit members who do not wish to

---

[2] The other two exceptions to Eleventh Amendment immunity are (1) when Congress validly abrogates a State's immunity from suit and (2) when the suit is within the parameters enumerated by the Supreme Court in *Ex parte Young,* 209 U.S. 123 (1908); *Council 31 of the American Fed. of State, County and Mun. Employees, AFL-CIO v. Quinn,* 680 F.3d 875, 883 (7th Cir. 2012).

6

participate in the Local 727 Funds and 2) IDOT maintains the Local 727 Funds because the Funds are financed in part by the State's contributions. In support of its arguments, IDOT relies upon district court case law from New York, Washington, Ohio and Louisiana which hold that when a CBA between a union and a government entity establish a benefit plan, the benefit plan is a governmental plan exempted from ERISA. (*Dkt. No. 17, pp. 6-8).* Contrary to IDOT's arguments, neither the case law it cites nor the CBAs support its argument.

As is evidenced by the Funds' respective Trust Agreements (*Dkt. Nos. 7-1, 7-2),* the Funds were established by Local 727, not Local 700. (*Dkt. Nos. 77-1, 77-2).* Indeed, the first page of each Trust Agreement establishes that fact as it identifies each Fund as a Teamsters Local Union No. 727 Fund. Moreover, the Local 727 Funds were in existence decades before Local 700 and IDOT amended their 2012-2015 CBA on February 6, 2014 to allow IDOT bargaining unit employees to participate in the Funds. This fact is evidenced by the opening paragraph of each Trust Agreement which states that it is a Restated Agreement and Declaration of Trust entered into on July 25, 2000. Thus, both Local 727 Funds were established and in existence for a least, fourteen (14) years prior to the February 6, 2014 CBA amendment in which IDOT agreed to participate in the Local 727 Funds. (*Dkt. Nos. 7-1, p. 1; 7-2, p. 1).*

Additionally, the August 2015 Participation Agreement between IDOT and the Trustees of the Local 727 Funds clearly states that the Trustees "are willing to accept the participation of [IDOT] in the Funds as a contributing employer." (*Dkt. No. 7-5).* Clearly, this language would not have been necessary if the Local 727 Funds were established by the CBAs between Local 700 and IDOT. Further, IDOT is not the only employer participating in the Local 727 Funds. The Local 727 Funds also include employers in the parking and funeral industries. *See e.g., Teamsters Local Union No. 727 Health & Welfare Fund, et al v. L&R Group of Companies,* 2014 U.S. Dist. LEXIS

7

16359 (N.D. Ill. Feb. 10, 2016) (parking industry); *Teamsters Local Union No. 727 Pension Fund, et al. v. Mid-City Parking, Inc.,* 2018 U.S. Dist. LEXIS 196296 (N.D. Ill. Nov. 19, 2018) (parking industry); *Teamsters Local Union No. 727 Health and Welfare Fund, et al. v. De La Torre Funeral and Cremation Services,* 2017 U.S. Dist. LEXIS 128893 (N.D. Ill. Aug. 14, 2017) (funeral industry); *Moriarty v. B. Michael Muzyka, Ltd.,* 379 F. 2d 935 (N.D. Ill. 2005) (funeral industry). Thus, there can be no doubt that the Local 727 Funds were not established pursuant to the CBAs between Local 700 and IDOT or for the benefit of IDOT's employees.

In *S. Cent. Ind. Sch. Trust v. Poyner,* the U.S. District Court for the Southern District of Indiana ruled that a school district trust fund was not a governmental plan notwithstanding the fact that the trust fund included private and public employer participants. 2007 U.S. Dist. LEXIS 78804 at *13-14 (S.D. Ind. Oct. 19, 2007). Relying on *Livolsi v. City of New Castle,* 501 F. Supp. 1146, 1150 (W.D. Pa. 1980), the court based its ruling on the fact that the trust was established "for the benefit [for each employers'] respective employees." Accordingly, the court ruled that the Trust was subject to ERISA regulation. *Poyner,* at *14.

Similarly, in *Fox v. Special Agents Mut. Benefit Ass'n,* 2006 U.S. Dist. LEXIS 74487 at *19-21 (S.D. Ind. Sept. 19, 2006), the court ruled that a welfare plan that included current and retired federal employees was not a government plan exempt from ERISA. Relying on *Brooks v. Chicago Housing Authority,* 1990 U.S. Dist. LEXIS 8233, *7-8 (N.D. Ill. July 2, 1990), the court rejected the plaintiff's argument that because one of the participating employers in the benefit plan was a government agency the entire plan was a governmental plan exempt from ERISA. *Fox, supra,* at *20. In so ruling, the court found that "there is nothing in ERISA's legislative history to suggest that Congress intended to exempt a plan from ERISA coverage on the basis that a company sponsoring and administering the plan has a relationship with the government but is not itself

8

governmental." *Id.,* at 20. The court then stated "perhaps most importantly, Fox points to no evidence to show that the Benefits Plan was actually established or is maintained by the government or its agencies." *Id.,* at 21. The court concluded that the benefit plan was subject to ERISA's provisions. *Id.*

For the same reasons enumerated above demonstrating that IDOT did not establish the Local 727 Funds, IDOT's argument that because the State pays contributions to the Local 727 Funds on behalf of IDOT's employees the Funds are governmental plans fairs no better. This argument was considered and rejected in *Brooks v. Chicago Housing Authority, supra.* The facts in *Brooks* are similar to the case *sub judice.* The trustees of employee benefit funds filed suit against the Chicago Housing Authority ("CHA") under ERISA alleging that the CHA underpaid contributions and made late payment contributions to the funds. The CHA filed a motion to dismiss contending that the court lacked subject matter jurisdiction under ERISA because, by its participation in the funds, the funds were governmental plans exempt under Sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002(32) and 1003(b)(1). 1990 U.S. Dist. LEXIS 8233 at *4 (N.D. Ill. July 2, 1990). The court in *Brooks* rejected the CHA's argument finding that the CHA "is just one of one of many employers, both public and private, contributing to the funds." *Brooks, supra,* at *7. The court further found that the CHA neither established or maintained the funds but rather voluntarily choose to participate in a private benefit plan for its employees. *Id.* Accordingly, the court denied the CHA's motion to dismiss ruling that there was no basis to "exempt an entire multi-employer plan as a governmental plan based on the participation of a governmental body" and that the court had subject matter jurisdiction over this suit under ERISA. *Id., at *8.*

The *Brooks* and *Poyner* courts relied in part on *Livolsi v. City of New Castle,* 501 F. Supp. 1146 (W.D. Pa. 1980). *Id.,* at *6. In *Livolsi,* the defendant city filed a motion to dismiss the funds

claims arguing that because public and private employers participated in the benefit plan, the ERISA's governmental plan exemption applied and therefore the court lacked subject matter jurisdiction. The court rejected this argument ruling that "when a state or local government body chooses a private welfare benefit plan for its employees, it will subject itself to federal jurisdiction under ERISA." *Livolsi,* 501 F. Supp. at 1150.

The facts at issue here fall square within the case law relied upon by the Plaintiffs. The Local 727 Funds were not established pursuant to a CBA between IDOT and Local 700. The 727 Funds were established decades prior to Local 700 and IDOT executing CBAs. The Participation Agreement between the Local 727 Funds' trustees and IDOT clearly sets forth the trustees' agreement to accept IDOT as a participating employer in the Local 727 Funds. The Local 727 Funds' participating employers include employers in the parking and funeral industries. IDOT does not maintain the Local 727 Funds and the fact that it is one of numerous employers who contributes to the Funds does not constitute maintenance of the Funds. Therefore, the Funds are not governmental plans exempt from ERISA and IDOT is subject to suit in this court under ERISA. For these reasons, the Court should dismiss IDOT's motion to dismiss.

**C.  By Voluntarily Agreeing to Participate in the Local 727 Funds, IDOT waived its claim to sovereign immunity.**

IDOT's sovereign immunity claim is equally flawed. IDOT contends that under Eleventh Amendment sovereign immunity doctrine it may not be sued in federal court unless it consents to federal court jurisdiction. IDOT claims it did not consent to be sued by the Plaintiffs in this court. The defendant in *Livolsi* also raised sovereign immunity in its motion to dismiss to no avail. Addressing this argument, and acknowledging that ERISA exempts governmental plans, the court in *Livolsi* ruled: "Since the local governmental body voluntarily accepted a private welfare benefit plan for its employees it cannot later complain that ERISA regulation of that plan invades

its sovereignty. Therefore, we conclude that subject matter jurisdiction over the Plaintiffs' claims does rest in this court by virtue of ERISA." Although the *Livolsi* court's ruling addresses local sovereign immunity and not Eleventh Amendment sovereign immunity, the decision applies equally here.

IDOT voluntarily agreed to permit its employees to participate in the Local 727 Funds and to pay contributions to the Funds on their behalf. The Local 727 Funds are not governmental funds and thus are governed by ERISA. Section 502 (e) of ERISA states unequivocally that "district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary . . ." 29 U.S.C. § 1132(e). In the Amended Complaint, Plaintiffs allege, and IDOT has not disputed in its motion, that the trustees of the Local 727 Funds are fiduciaries as that term is defined under section 3(21)(A) of ERISA. 29 U.S.C. § 1002(21)(A). Accordingly, by voluntarily agreeing to permit Local 700 bargaining unit employees to enroll in the Local 727 Funds, it subjected itself to federal jurisdiction under ERISA. Therefore, the Court should deny IDOT's motion for summary judgment.

For all these reasons, the Court should find that IDOT consented to be sued in federal court by participating in the Funds, thus IDOT's arguments that this action is barred by the Eleventh Amendment are invalid. Clearly, ERISA's governmental exemption does not apply in this case. Therefore, the Court should deny IDOT's Motion to Dismiss.

### 3. Plaintiffs' Claims Against IDOT Are Based on Federal Common Breach of Contract Law and not the LMRA.

IDOT also objects to subject matter jurisdiction in this lawsuit arguing that it is not an employer as that term is defined by the LMRA and therefore the Amended Complaint should be dismissed. While it is true that a State and its political subdivisions may not be sued under the LMRA, a plain reading of the Plaintiffs' Amended Complaint demonstrates that Plaintiffs are not

suing IDOT under the LMRA. Indeed, there is no specific claim or count against IDOT under the LMRA. The LMRA is cited in the Amended Complaint as a basis for the action for the sole purpose of acknowledging the LMRA's mandate that employers may not pay money to the Funds unless there is a written agreement expressly requiring such benefit fund payments by the employer. 29 U.S.C. § 186(c)(6); *Russ v. S. Water Mkt., Inc.*, 769 F.3d 556, 557 (7th Cir. 2014). What is clear from the Local 727 Funds' Amended Complaint is that the Funds are invoking the Court's subject matter jurisdiction pursuant to federal common breach of contract law as applied in ERISA collections actions, 28 U.S.C. §1331 and 28 U.S. Code §1367. (*Dkt. 7, ¶1).* Therefore, the Court should reject IDOT's argument on this issue and deny IDOT's motion to dismiss.

## V.    CONCLUSION

For all the reasons stated above, IDOT's Motion to Dismiss should be denied. In the event that this Court rules against the Plaintiffs and dismisses any of their claims against IDOT, Plaintiffs requests leave to file an amended complaint to cure the alleged deficiencies.

**WHEREFORE**, Plaintiffs Teamsters Local Union No. 727 Health & Welfare Fund and Teamsters Local Union No. 727 Legal and Educational Assistance Fund respectfully request this Honorable Court deny IDOT's Motion to Dismiss, or in the alternative, grant Plaintiff leave to file an amended complaint, and grant Plaintiff whatever relief this Court deems just and equitable.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

_ s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office          (215) 656-3665
Facsimile    (215) 561-5135
Email          lmartin@wwdlaw.com

12

ILLINOIS ADVOCATES, LLC

s/  Cara M Anthaney
CARA M. ANTHANEY, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL  60602
Office            (312) 346-2052
Facsimile       (312) 492-4804
Email    cara.anthaney@iladvocates.com


*Counsel to Plaintiffs Teamsters Local Union No. 727 Welfare Fund, Teamsters Local Union No. 727, L&E Fund and their Boards of Trustees*

Dated:  June 20, 2019