**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 727 HEALTH & WELFARE FUND, by and through its Board of Trustees, John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy, and | ) ) ) ) ) ) ) ) | No. 19 C 122 |
| TEAMSTERS LOCAL UNION NO. 727 LEGAL & EDUCATIONAL ASSISTANCE FUND, by and through its Board of Trustees, John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tomingerg, and Robert Sheehy, | ) ) ) ) ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ILLINOIS STATE POLICE MASTER SERGEANT, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | *consolidated with:* |
| TEAMSTERS LOCAL UNION NO. 727 HEALTH & WELFARE FUND, by and through its Board of Trustees, John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy, and | ) ) ) ) ) ) ) ) | No. 19 C 123 |
| TEAMSTERS LOCAL UNION NO. 727 LEGAL & EDUCATIONAL ASSISTANCE FUND, by and through its Board of Trustees, John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tomingerg, and Robert Sheehy, | ) ) ) ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Teamsters Local Union No. 727 Health & Welfare Fund and Teamsters Local Union No. 727 Legal & Educational Assistance Fund (hereinafter collectively "the Funds") have initiated separate suits against Defendants Illinois State Police ("ISP") and Illinois Department of Transportation ("IDOT") for late-paid contributions to the Funds.[1] Both Defendants have collective bargaining agreements with Teamsters Local Union No. 700 ("Local 700"), which requires IDOT and ISP to make contributions to the Funds on behalf of their union-member employees. Plaintiffs claim that ISP and IDOT have failed to make required contributions to the Funds and now seek interest, liquidated damages, attorneys' fees, and other money damages as provided by the Funds' Trust Agreements, to which Defendants have also agreed to be bound.

IDOT and ISP have filed motions to dismiss both cases (*Teamsters Local Union No. 700 Health & Welfare Fund v. ISP*, No. 19 C 00122 [16]; *Teamsters Local Union No. 700 Health & Welfare Fund v. IDOT*, No. 19 C 00123 [16]), contending that Defendants are immune from these suits under the Eleventh Amendment, among other arguments. For the reasons discussed below, the court agrees with Defendants that this litigation is constitutionally barred and grants their motions to dismiss.

**BACKGROUND**

Plaintiffs' allegations, presumed true for purposes of this analysis, establish the following: the Funds are two multiemployer benefit funds that are based in Illinois and are governed by federal law, including the Labor Management Relations Act, 29 U.S.C. § 151 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as well as state law, *see* 5 ILCS 315/1 *et seq.* (*Teamsters Local Union No. 727 Health & Welfare Fund v. ISP*, No. 19 C 00122, Compl. [7] (hereinafter "ISP Compl.") ¶¶ 4, 7; *Teamsters Local Union No. 727*

---

[1] Plaintiffs' suit against ISP, No. 19 C 00122, was initially assigned to this court. The suit against IDOT, No. 19 C 00123, was reassigned to this court because of its relation to the ISP case, in accordance with Local Rule 40.4. (*See Teamsters Local Union No. 727 Health & Welfare Fund v. IDOT*, No. 19 C 00123 [21].)

*Health & Welfare Fund v. IDOT*, No. 19 C 00123, Compl. [7] (hereinafter "IDOT Compl.") ¶¶ 4, 7.) The Health & Welfare Fund's purpose is to provide health care benefits to the plan's participants (ISP Compl. [7] ¶ 5; IDOT Compl. [7] ¶ 5), while the Legal & Educational Assistance Fund provides money to cover participants' legal and educational expenses (ISP Compl. [7] ¶ 8; IDOT Compl. [7] ¶ 8). With one exception, the same individuals serve as the trustees of both Funds. (ISP Compl. [7] ¶¶ 6, 9; IDOT Compl. [7] ¶¶ 6, 9.)

Defendant ISP[2] is a law enforcement department that is a part of the state government of Illinois. *See* 20 ILCS 2610/0.01 *et seq.* ISP agreed to a collective bargaining agreement ("CBA") with the Local 700 to cover a period from July 2012 through June 2015. (*See* ISP Compl. [7] ¶ 11.) The CBA was amended by a compliance agreement, which the parties signed in February 2014. (*Id.* ¶ 12.) And ISP agreed to another CBA with the union that ran from July 2015 to June 2019. (*Id.* ¶ 13.) The compliance agreement and the more recent CBA governed contributions to the Funds and required ISP to make monthly contributions. (*Id.* ¶ 14.) Both agreements also stated that ISP agreed to be bound by the Funds' Trust Agreement (*id.* ¶ 18), which permitted the trustees to adopt rules regarding the collection of contributions (*id.* ¶¶ 16–17). In accordance with those collection policies, the Funds, by and through their boards of trustees, have brought this suit against ISP for liquidated damages and interest for late-paid contributions to the Funds relating to work from April 2014 through today's date. (*Id.* ¶¶ 16, 23, 29.)

Plaintiffs allege a nearly identical set of facts for Defendant IDOT, which is also a department of the State of Illinois. *See* 20 ILCS 2705/2705-1. Like ISP, IDOT had consecutive CBAs with Local 700 from 2012–2015 and 2015–2019. (IDOT Compl. [7] ¶¶ 11–12.) An

---

[2]     Plaintiffs refer to Defendant ISP as "Illinois State Police Master Sergeant" at times in their complaint. (*See, e.g.,* IDOT Compl. [7] at 1.)    The covers of the collective bargaining agreements provided with the complaint do refer to "Illinois State Police Master Sergeant." (*See* 2012–2015 CBA, Exhibit C to IDOT Compl. [7-3] at 1; 2015–2019 CBA, Exhibit E to IDOT Compl. [7-5] at 1.) However, both agreements make clear that the employer is the Illinois State Police and that Master Sergeant refers to the rank of the officers who make up the bargaining unit. (*See* Exhibit C to IDOT Compl. [7-3] at 7, 9; Exhibit E to IDOT Compl. [7-5] at 7, 9.)

amendment to the first CBA and the second CBA required IDOT to make monthly contributions to the Funds. (*Id.* ¶ 13.) Plaintiffs likewise allege that IDOT has failed to make required contributions since April 2014. (*Id.* ¶ 23.) Pursuant to IDOT's agreements with the Funds and the Funds' rules established by the trustees, Plaintiffs initiated this suit to collect interest and liquidated damages for IDOT's late-paid contributions. (*Id.* ¶¶ 23, 29.)

## DISCUSSION

For purposes of Defendants' motions to dismiss, the court accepts as true all well-pleaded factual allegations in the complaints and draws all reasonable inferences in favor of the Funds. *See Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1025 (7th Cir. 2018). Plaintiffs in both cases seek interest and liquidated damages from IDOT and ISP for late-paid contributions. As Plaintiffs acknowledge, however, both Defendants are agencies of the State of Illinois. *See Gossmeyer v. McDonald,* 128 F.3d 481, 494-95 (7th Cir. 1997) ("The Illinois State Police is a state agency . . . ."); *Carr v. Ill. State Police*, No. 17 C 413, 2017 WL 5989726, at *3 (N.D. Ill. Dec. 4, 2017) (noting that ISP is "an agency of the State of Illinois"); *Titus v. Ill. Dept. of Transp.*, 828 F. Supp. 2d 957, 967 (N.D. Ill. 2011) ("IDOT is an agency of the State of Illinois."). Defendants therefore argue that Plaintiffs' requested relief is barred by the Eleventh Amendment. The court agrees.

The Eleventh Amendment states, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This Amendment has long been interpreted broadly to "guarantee[ ] that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Bd. of Regents of Univ. if Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). In particular, the Eleventh Amendment bars claims against a state for monetary damages—the very relief that Plaintiffs request. *See McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1050–51

(7th Cir. 2013) ("The Eleventh Amendment was adopted to ensure that such retroactive damages claims would not be heard in federal court absent the state's consent.").  There are three circumstances in which suits against a state may be permitted, *see Council 31 of the Am. Fed'n of State, Cty. & Mun. Emp., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012): (1) where Congress properly abrogates immunity; (2) where the State consents to suit; and (3) under the exception recognized by *Ex parte Young* , 209 U.S. 123 (1908).  Council 31, 680 F.3d at 882. Plaintiffs argue that the second exception applies here:  that IDOT and ISP have consented to these suits.

Plaintiffs contend that by permitting their employees to enroll and by participating in a multiemployer welfare plan, Defendants have consented to federal jurisdiction and waived their immunity.  (Pls.' Resp. to Def.'s Mot to Dismiss [20], at 10-11.)  This argument assumes that the Funds are private plans and not ERISA-exempt government plans.  *See* 29 U.S.C. §§ 1002(32), 1003(b)(1) (defining "government plan" and exempting them from ERISA regulations).  But even if the Funds are subject to ERISA (which the court declines to address),[3] IDOT's and ISP's participation in the Funds are insufficient to waive state sovereign immunity.  "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."  *Nuñez v. Ind. Dept. of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)) (internal quotation marks omitted). "Waiver must be 'stated by the most express language or by such overwhelming implications from the text' as to leave no doubt."  *Id.* (quoting *Edelman*, 415 U.S. at 673).  Illinois law is clear that

---

[3]     ERISA does not grant the court subject-matter jurisdiction over actions concerning government plans.  *See* 29 U.S.C. § 1003(b)(1); *see also* § 1002(32) (defining "government plan").  That is, if Plaintiffs are incorrect and the Funds are government plans, then the court would not have subject-matter jurisdiction for either suit.  Although a court must normally determine first whether it has subject-matter jurisdiction over a claim, the Seventh Circuit has said that "a federal court has leeway to choose among threshold grounds for denying an audience on the merits." *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 823 (7th Cir. 2016).  As in *Myers*, the court declines to address subject-matter jurisdiction because the "conclusion that defendants have sovereign immunity resolves a non-merits threshold matter without further burden on the parties."  *Id.*

the state has not waived its immunity in the circumstances presented here. *See* 745 ILCS 5/1. The State's conduct also does not amount to waiver. The Seventh Circuit has said that "implicit waivers" are not sufficient and that "the court must be highly confident that the state really did intend to allow itself to be sued in federal court." *Mueller v. Thompson*, 133 F.3d 1063, 1064 (7th Cir. 1998). Likewise, the Supreme Court has rejected the notion that a state's conduct in the market constitutes a "constructive waiver" of Eleventh Amendment immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 684 (1999). The College Savings Bank Court explicitly rejected the notion that a State waives its immunity by merely voluntarily participating in a "field subject to congressional regulation." *Id.* Thus, the fact that IDOT and ISP make contributions to the Funds like other employers does not mean that they can be sued like other employers. *See Welch v. Tex. Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 477 (1987) ("[T]he constitutional role of the States sets them apart from other employers and defendants."). Nothing IDOT or ISP has done has demonstrated with the necessary clarity that they have waived their state sovereign immunity.

Plaintiffs' reliance on *Livolsi v. City of New Castle,* 501 F. Supp. 1146 (W.D. Pa. 1980), is misplaced. The court in that case held that it had jurisdiction over a suit brought by the trustees of a welfare benefit fund against a city government for violating fund provisions and a collective bargaining agreement, reasoning that "when a state or local government body chooses a private welfare benefit plan for its employees, it will subject itself to federal jurisdiction under ERISA. Since the local government body voluntarily accepted a private welfare benefit plan for its employees it cannot later complain that ERISA regulation of that plan invades its sovereignty." *Id.* at 1150. *Livolsi*, a 40-year-old district court ruling, is not controlling here; in any event, the Livolsi case concerned only a city government, an entity that does not enjoy state sovereign immunity. *Brooks v. Chicago Housing Authority*, No, 89 C 9304, 1990 WL 103572 (N.D. Ill. July 5, 1990) is distinguishable for the same reason. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, (2001) ("[T]he Eleventh Amendment does not extend its immunity to units of local

government. . . . [O]nly the States are the beneficiaries of the Eleventh Amendment.").  Plaintiffs have pointed to no other precedent that supports the proposition that Defendants' participation in the Funds could amount to a waiver of state sovereign immunity.

The combination of 29 U.S.C. § 1132(e)(1), which grants federal courts exclusive jurisdiction over most ERISA cases, and the Eleventh Amendment, which bars most actions against IDOT and ISP in federal court, could leave Plaintiffs without any remedy for Defendants' alleged failure to make required contributions to the Funds.  The court is sensitive to this "remedial gap"  but is unable to "create a remedy where precedent forbids [it] from doing so."  *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015).  "The idea that a state should make good on its contracts has considerable appeal to judges, lawyers, and state creditors," the Seventh Circuit has written, but "[a]s understandable as that view may be, the Eleventh Amendment was a swift and direct rejection of it." *McDonough*, 722 F.3d at 1053.  State sovereign immunity requires the court to dismiss these suits with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Cooper v. Ill. Dept. of Human Servs.*, 758 Fed. Appx. 553, 554 (7th Cir. 2019) (noting that dismissal under FED. R. CIV. P. 12(b)(6) with prejudice is proper for cases barred by state sovereign immunity); *Mutter v. Rodriguez*, 700 Fed. Appx. 528, 531 (7th Cir. 2017) ("[A] dismissal based on [the Eleventh] amendment is on the merits and therefore with prejudice.").

## CONCLUSION

For the reasons set forth above, the court grants ISP's motion to dismiss (*ISP*, No. 19 C 00122 [7]) and IDOT's motion to dismiss (*IDOT*, No. 19 C 00123 [7]).  Plaintiffs' complaints are dismissed with prejudice.

ENTER:

Dated: January 29, 2020

_____
REBECCA R. PALLMEYER
United States District Judge